**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTERIO R. WILLIAMS,

      Petitioner,               Civil No. 05-73471-DT
                                 HONORABLE NANCY G. EDMUNDS
v.                            UNITED STATES DISTRICT JUDGE

DOUGLAS VASBINDER,

      Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Anterio R. Williams, ("petitioner"), presently confined at the Egeler

Reception and Guidance Center in Jackson, Michigan, seeks the issuance of a

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application,

petitioner challenges his conviction for assault with intent to do great bodily harm,

M.C.L.A. 750.84; and being a third felony habitual offender, M.C.L.A. 769.11.

Petitioner also appears to challenge the revocation of his probation for this

conviction.  Respondent has filed a motion to dismiss, contending that the petition

was not timely filed in accordance with the statute of limitations contained in 28

U.S.C. § 2244 (d)(1).  For the reasons stated below, petitioner's application for a

writ of habeas corpus is summarily dismissed.

**I.  Background**

      Petitioner pleaded guilty to assault with intent to do great bodily harm in the

Jackson County Circuit Court.  On June 21, 2001, petitioner was sentenced to

1

three years probation.  On October 25, 2001, petitioner was found guilty of violating probation.  On October 30, 2001, petitioner was sentenced to five to ten years in prison for violating the terms of his probation.

Petitioner requested the appointment of appellate counsel.  The Jackson County Circuit Court Clerk's office mistakenly filed a claim of appeal on petitioner's behalf with the Michigan Court of Appeals.  On December 7, 2001, the Michigan Court of Appeals dismissed petitioner's claim of appeal for lack of jurisdiction, because the probation violation arising from petitioner's guilty plea conviction was not appealable by right, but only by leave. *People v. Williams,* No. 237823 (Mich.Ct.App. December 7, 2001).  On January 25, 2002, the trial court granted appellate counsel's motion to withdraw as appellate counsel and declined to appoint new counsel.  Petitioner never filed a direct appeal in his case.

On June 2, 2005, petitioner filed a post-conviction motion for relief from judgment with the Jackson County Circuit Court pursuant to M.C.R. 6.500, *et. seq,* which was ultimately denied on July 18, 2005. *People v. Williams,* 99-96078 (Jackson County Circuit Court, July 18, 2005).  Petitioner's subsequent petition for superintending control was dismissed by the Michigan Court of Appeals, because petitioner failed to comply with that court's orders. *People v. Williiams,* 264256 (Mich.Ct.App. September 27, 2005).

The instant petition for writ of habeas corpus was filed on September 1,

2

2005. [1]

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The Court must initially determine when petitioner's conviction became "final", in order to determine when the limitations period began running.  For

---

[1]   Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 1, 2005, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

3

purposes of commencing the one year limitations period pursuant to §

2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the

state court ends or when the time to seek direct review expires, whichever comes

later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002). What

makes this determination difficult is the fact that petitioner appears to be

challenging both his underlying criminal conviction and the subsequent revocation

of probation in this single habeas petition.

Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for

challenging any substantive issues relating to a trial court judgment which

imposes probation begins to run when the judgment imposing probation becomes

final. *See Caldwell v. Dretke,* 429 F. 3d 521, 530 (5th Cir. 2005). By contrast, any

claims arising from the revocation of probation would begin to run when the

judgment that revoked the petitioner's probation became final. *See Davis v.*

*Purkett,* 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003). Because petitioner is

challenging two separate judgments by challenging both his underlying conviction

and his subsequent probation revocation in a single habeas petition, the one year

limitations period would begin to run for each of these separate judgments at

different times. *See Wilkinson v. Cockrell,* 240 F. Supp. 2d 617, 620-22 (N.D.

Tex. 2002).

In 1994 the Michigan constitution was amended by voter initiative and now

provides that criminal defendants who have pleaded guilty to a crime can appeal

4

only by leave of court. *See* Mich. Const. art. 1, § 20 (1994).  Thus, because petitioner pleaded guilty, he could not appeal his conviction by right, but only by leave of the Michigan Court of Appeals pursuant to M.C.R. 7.205. *See Halbert v. Michigan,* 125 S. Ct. 2582, 2588 (2005).  Under M.C.R. 7.205(F)(3), petitioner had twelve months after his sentence to file a delayed application for leave to appeal.  Because the underlying conviction was based on a guilty plea, any appeal from the subsequent revocation of his probation was likewise appealable only by leave and not by right. *See People v. Perks,* 259 Mich. App. 100, 109; 672 N.W. 2d 902 (2003).

In this case, petitioner never appealed either from his original sentence of probation on June 21, 2001 or the sentence that he received on October 30, 2001 for the revocation of that probation.  Each of these judgments would become finalized, for the purposes of § 2244(d)(1)(A), one year after the sentencing on each of the judgments, when the time limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to M.C.R. 7.205(F)(3). *See Jagodka v. Lafler,* 148 Fed. Appx. 145, 146 (6th Cir. 2005).  The one year time limit for challenging the underlying conviction expired on June 21, 2002 and the one year limitations period for challenging the revocation of probation expired on October 30, 2002.

In the present case, petitioner filed a post-conviction motion for relief from judgment with the trial court on June 2, 2005, after the one year limitation period

5

had already expired on both judgments.  28 U.S.C. § 2244 (d)(2) expressly

provides that the time during which a properly filed application for state post-

conviction relief or other collateral review is pending shall not be counted towards

the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp.

2d 833, 836 (E.D. Mich. 2001).  However, a state court post-conviction motion

that is filed following the expiration of the limitations period for seeking federal

habeas relief cannot toll that period because there is no period remaining to be

tolled. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).  If the

one year limitations period has already expired, filing a motion for state

post-conviction relief will not add new time to the limitations period. *Id.*  The

instant petition is therefore untimely.

The AEDPA's limitations period is subject to equitable tolling. *Dunlap v.

United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001).  The doctrine of equitable

tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a

satisfactory explanation for his failure to timely file his habeas petition," a

petitioner would fail to exercise due diligence in pursuing his claim, and thus

would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.

In the present case, petitioner has failed to explicitly offer any reasons for

the untimely filing of his petition for writ of habeas corpus.  However, in his

petition and in the attached exhibits, petitioner claims that he had some difficulties

regarding his direct appeal and his post-conviction motion.  None of these alleged

6

difficulties merit equitable tolling.

The Court notes that the mere fact that the Jackson County Circuit Court erroneously filed a claim of appeal in this case would not entitle petitioner to equitable tolling, because the Michigan Court of Appeals dismissed the claim of appeal on December 7, 2001, leaving petitioner with at least six months to file an application for leave to appeal the underlying conviction and more than ten months to file an application for leave to appeal the probation revocation. Because petitioner never re-filed an application for leave to appeal after the dismissal of the wrongly filed claim of appeal, he would not be entitled to equitable tolling on this basis. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004).

Petitioner would also not be entitled to equitable tolling because of the fact that the trial court permitted appellate counsel to withdraw from representing petitioner on appeal. In *Brown v. Shannon,* 322 F. 3d 768, 773-74 (3rd Cir. 2003), the Third Circuit held that a habeas petitioner was not entitled to equitable tolling of the limitations period during the time in which his state appellate counsel abandoned his claims by failing to file an appeal from the denial of a state post-conviction motion, in part because appellate counsel had been "forthright about not filing an appeal" and because petitioner could have filed a *pro se* notice of appeal in state court. *Id.* Likewise, in *Winkfield v. Bagley,* 66 Fed. Appx. 578, 583-584 (6th Cir. 2003), the Sixth Circuit held that a habeas petitioner was not

7

entitled to have the limitations period equitably tolled based on appellate counsel's failure to pursue an appeal in state court, where the petitioner offered no explanation for the almost ten year delay between his last communication with his lawyer and the filing of his motion for leave to file a delayed appeal in state court.

In the present case, petitioner is not entitled to equitable tolling of the limitations period based on his appellate counsel's withdrawal from his case, because he could have, and ultimately did, file a *pro se* motion for relief from judgment. Moreover, petitioner does not explain why he waited over three years after his appellate counsel withdrew from the case before he filed that post-conviction motion with the state court.

Petitioner also makes mention of the fact that the trial court denied his requests to obtain the plea and sentencing transcripts. A habeas petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings and would not equitably toll the limitations period for filing a petition for writ of habeas corpus. *Gassler v. Bruton,* 255 F. 3d 492, 495 (8th Cir. 2001); *Grayson,* 185 F. Supp. 2d at 751. "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." *Grayson,* 185 F. Supp. 2d at 752 (citing to *Gassler,* 255 F. 3d at 495). Petitioner could have timely filed a post-conviction motion for relief from judgment with the state trial court, after which the trial court could have ordered production

8

of the transcripts. *Id.*

Moreover, this Court notes that petitioner was able to file his post-conviction motion for relief from judgment without first obtaining these transcripts. Petitioner is thus unable to show that the failure by the trial court to provide him with transcripts impeded his ability to timely file his state post-conviction motion on time. *Grayson,* 185 F. Supp. 2d at 752.

Petitioner has also indicated, both in his original and renewed motions for the appointment of counsel, that he lacks the ability to adequately investigate, prepare, or present his claims.  An inmate's lack of legal training, poor education, or even his illiteracy likewise does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).

Finally, petitioner has failed to present any new, reliable evidence of actual innocence that would toll the limitations period in this case. *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005).

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1) and will summarily dismiss it.

The Court will also deny petitioner's renewed request for the appointment of counsel in this matter.  Courts may appoint counsel to represent a habeas petitioner for the purpose of litigating the applicability of the AEDPA's limitations

9

period to their case where the habeas petition lends itself to the interpretation that rare and exceptional circumstances may exist which would justify tolling the limitations period. *See Cantu-Tzin v. Johnson,* 162 F. 3d 295, 298 (5th Cir. 1998). Because the present habeas petition does not contain any allegations that would ustify equitable tolling of the limitations period, the Court will deny petitioner's request for the appointment of counsel to assist with his habeas petition.

The Court will also deny petitioner a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in

10

its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's renewed request for the appointment of counsel is **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in*

11

*forma pauperis.*


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  July 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager